IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Denver Metro Chamber of Commerce,

    Plaintiff,

v.

Colorado Cannabis Chamber of Commerce,

    Defendant.

---

**VERIFIED COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

---

Plaintiff Denver Metro Chamber of Commerce alleges the following:

1. In operation since the 1800's, Plaintiff Denver Metro Chamber of Commerce ("Denver Metro Chamber") is a Colorado non-profit corporation with a principal place of business at 1445 Market Street Denver, Colorado 80202.

2. Defendant Colorado Cannabis Chamber of Commerce ("Colorado Cannabis Chamber") is a Colorado non-profit corporation with a principal place of business located at 1640 Logan St., Suite 100 Denver, Colorado 80203. The Colorado Cannabis Chamber was formed as an entity on July 22, 2014.

3. This action arises from the Colorado Cannabis Chamber's infringement of the Denver Metro Chamber's federally registered and common law trademarks and actions by the Colorado Cannabis Chamber that are likely to cause confusion as to whether the parties are associated with one another, when in fact they are not.

4. This Court has in personam jurisdiction over the Defendant and jurisdiction over the subject matter pursuant to 28 U.S.C. §1338(a) and (b), and 15 U.S.C. §1121. This Court has supplemental jurisdiction over the state law claims as provided by 28 U.S.C. § 1367

5. Venue properly lies in this judicial district under 28 U.S.C. §1391(b) and (c).

## GENERAL FACTUAL ALLEGATIONS

6. The Denver Metro Chamber is a customer-focused membership organization that, among other things, strives to enhance the State of Colorado's global competitiveness, ensure the highest standards for an improved quality of life, collaborates and convenes with other community organizations to achieve mutual goals, and represents its members' interests in government and legislative issues.

7. Currently, the Denver Metro Chamber's membership spans the seven-county metro region and includes 3,000 public, private and nonprofit organizations and their 300,000 employees.

8. The Denver Metro Chamber plays a critical and visible role in the development and economic success of the metro region and Colorado as a whole.

9. For example, in the late-1800s, the Denver Metro Chamber (then known as the Denver Board of Trade) played a pivotal role in bringing the railroad to Denver. It provided vision for the development of the Denver International Airport in 1995, and, most recently, played key roles in the successful passage of FasTracks and Referendum C.

10. The Denver Metro Chamber works closely in conjunction with its affiliates, which include without limitation the Metro Denver Economic Development Corporation, the Denver Metro Chamber Leadership Foundation, the Denver Metro Small Business Development Center and the Colorado Competitive Council.

11. Working with its affiliates, the Denver Metro Chamber plays a vital role in defining the current and future economic landscape of the state.

12. In early 2008, the Denver Metro Chamber adopted and began using a distinctive logo in connection with its commercial operations and services. It filed for and received a federal registration for this service mark (U.S. Reg. No. 3729134), a true and correct copy of which is attached as Exhibit A (the "Registered Mark"):



13. The Registered Mark appears extensively on the Denver Metro Chamber's operation and promotional materials, including its website, and is prominently displayed at Denver Metro Chamber's events, making it ubiquitous within the Denver metro business community. As a result of the extensive promotion of the Registered Mark and its visibility in the marketplace, consumers have come to understand and recognize the Registered Mark as a symbol of the services provided by the Denver Metro Chamber.

14. In addition to the Registered Mark, the Denver Metro Chamber has developed and owns related logos for its divisional affiliates, which are conspicuously promoted on the Denver Metro Chamber website and otherwise in connection with the Registered Mark:

  

15. The Metro Denver Economic Development Corporation is a division and trade name of the Denver Metro Chamber that focuses on the creation of a competitive environment that will attract companies and jobs to the Denver metro area.

16. The Denver Metro Leadership Foundation is a division of the Denver Metro Chamber that works to develop leaders in the region and to provide content, context and access to inspire the region's leaders to engage in issues critical to the region's success.

17. The Colorado Competitive Council is a division of the Denver Metro Chamber that develops legislative and policy solutions that benefit Colorado businesses and ensure that the state continues to be competitive locally and globally. The Denver Metro Chamber uses the shorthand name C3 in referring to the Colorado Competitive Council.

18. The C3 Colorado Competitive Council logo, along with the Metro Denver Economic Development Corporation logo, are also federally registered trademarks of Denver Metro Chamber. Attached as Exhibit B are true and correct copies of these federal registrations.

19. In addition, the Denver Metro Chamber has partnered with the Colorado Small Business Development Center to create the Denver Metro Small Business Development Center, which uses the following logo in connection with its activities:



20. As a result of the extensive promotion and visibility of the Denver Metro Chamber's affiliates, consumers have come to understand and recognize that the Denver Metro Chamber spawns, sponsors and supports specific and unique initiative and activities through its affiliate programs.

21. Defendant Colorado Cannabis Chamber was formed in July of 2014.

22. Upon information and belief, the Colorado Cannabis Chamber owns and operates a website at www.cocannabischamber.com. The domain name for its website <cocannabischamber.com> was first registered on January 25, 2015. At some point thereafter, the Colorado Cannabis Chamber launched its website.

23. The Colorado Cannabis Chamber has adopted and is using on its website, in social media and otherwise in commerce the following logo:



(the "Infringing Logo").

24. The Infringing Logo contains elements which mimic the elements of the Registered Mark:

- a red and gold half sun (evoking the "C" in the state flag) rising on the left border of the image, cut at or about a 45 degree angle
- green colored swooshed lines underneath the image
- its name positioned immediately to the right of the image with the words stacked vertically and appearing in all capital letters in a similar font and color
- the name itself begins with a geographic term at the top and identifies itself as a "Chamber of Commerce"
- the words "OF COMMERCE" appearing on the bottom in a smaller sized font from the rest of the name

25. Indeed, the only visual difference between the marks is the replacement of the buildings in the Registered Mark with the mountains in the Infringing Logo. Even then, the 3 mountain peaks correspond directly to the 3 skyscraper apexes in the Registered Mark.

26. The mountains in the Infringing Logo also evoke the mountains used by the Denver Metro Chamber in its affiliate marks.

27. In addition to the Infringing Logo, the Colorado Cannabis Chamber refers to itself publicly by the shorthand C4, which mimics the Denver Metro Chamber's use of C3 for its own policy making division.

28. The Colorado Cannabis Chamber is not part of, nor is it an affiliate of, the Denver Metro Chamber.

29. The Denver Metro Chamber has not authorized the adoption or use of the Infringing Logo by the Colorado Cannabis Chamber. To the contrary, upon learning of and seeing the Infringing Logo, the Denver Metro Chamber contacted the Colorado Cannabis Chamber, voiced its objection to the confusing similarity of the Infringing Logo and requested that the Colorado Cannabis Chamber change to a different logo that would not be likely to cause confusion as to the source or affiliation of the services provided by the Cannabis Chamber of Commerce.

30. Despite receiving notice of the Denver Metro Chamber's objections, the Colorado Cannabis Chamber has refused and continues to refuse to make any changes to the Infringing Logo.

31. On March 13, 2015, after receiving notice of the Denver Metro Chamber's objection and request for changes to the Infringing Logo, the Colorado Cannabis Chamber nevertheless took the step to register the Infringing Logo as a trademark with the Colorado Secretary of State (the "Colorado Trademark Registration").

32. Upon information and belief, the Colorado Cannabis Chamber developed its Infringing Logo with the intent to mimic the Registered Mark of the Denver Metro Chamber and to portray itself and its activities as being affiliated with and/or endorsed by the Denver Metro Chamber, when in fact it is not.

33.     The Denver Metro Chamber has been damaged and will continue to suffer irreparable harm unless the use of the Infringing Logo by the Colorado Cannabis Chamber is enjoined.

## FIRST CLAIM FOR RELIEF

### Action for Trademark Infringement Pursuant to 15 U.S.C. §1114

34.     The allegations of Paragraphs 1 through 33 above are incorporated into this First Claim for Relief by reference.

35.     The Registered Mark was adopted, used and federally registered by the Denver Metro Chamber prior to the Colorado Cannabis Chamber even being formed as an entity and prior to the Colorado Cannabis Chamber's first use of the Infringing Logo.

36.     The Registered Mark is incontestable pursuant to 15 U.S.C. 1065. Accordingly, the incontestable registration serves as conclusive evidence of the validity of the Registered Mark and of the Denver Metro Chamber's ownership and exclusive right to use the Registered Mark in commerce.

37.     The Colorado Cannabis' Chamber's unauthorized use of the Infringing Logo in interstate commerce without the authorization or consent of the Denver Metro Chamber constitutes trademark infringement in violation of 15 U.S.C. § 1114(1) in that such use is likely to cause the consuming public to be confused, mistaken, or deceived into believing that the Colorado Cannabis Chamber is associated, affiliated, or connected with the Denver Metro Chamber, which it is not.

38.     The Denver Metro Chamber has suffered damage by reason of the infringing activities outlined in this Complaint, and it will suffer irreparable harm unless the continued use and registration of the Infringing Logo is preliminarily and permanently enjoined.

39.     Upon information and belief, the Colorado Cannabis Chamber's conduct as outlined in this Count One was engaged in with an intent to infringe, or at a minimum with a

willful disregard for, the Denver Metro Chamber's rights in the Registered Mark so as to justify an award of exemplary damages and attorneys' fees under 15 U.S.C. §1117.

## SECOND CLAIM FOR RELIEF

### Action for False Designation of Origin Pursuant to 15 U.S.C. §1125(a)

40. The allegations of Paragraphs 1 through 33 above are incorporated into this Second Claim for Relief by reference as if fully set forth.

41. By virtue of its long-term use and promotion, the Denver Metro Chamber has established valuable goodwill in its Registered Mark and its affiliate marks well-prior to the adoption and use of the Infringing Logo by the Colorado Cannabis Chamber.

42. The Infringing Logo is confusingly similar to the Registered Mark.

43. The Infringing Logo is also confusingly similar to at least two of the Denver Metro Chamber's affiliate marks, such that the continued use by the Colorado Cannabis Chamber of the Infringing Logo is likely to cause confusion, deception or mistake as to whether the Colorado Cannabis Chamber is affiliated, connected or associated with the Denver Metro Chamber.

44. The Denver Metro Chamber has been damaged by reason of the infringing activities outlined in this Verified Complaint, and it will suffer irreparable harm unless the continued use and registration of the Infringing Logo is preliminarily and permanently enjoined.

45. Upon information and belief, conduct of the Colorado Cannabis Chamber as outlined in this Count Two was engaged in with the intent to cause confusion, or at a minimum with a willful disregard for rights of the Denver Metro Chamber, so as to justify an award of exemplary damages and attorneys' fees under 15 U.S.C. §1117.

## THIRD CLAIM FOR RELIEF

### Action for Common Law Trademark Infringement

46. The allegations of Paragraphs 1 through 33 above are incorporated into this Third Claim for Relief by reference as if fully set forth.

47. By virtue of its long-term use and promotion, the Denver Metro Chamber established valuable goodwill in the Registered Mark as used in connection with chamber of commerce services throughout the United States, including throughout the State of Colorado, well-prior to the adoption and use of the Infringing Logo by the Colorado Cannabis Chamber.

48. The Colorado Cannabis Chamber's adoption, registration and use of the Infringing Logo in connection with its services is likely to deceive, confuse and mislead consumers and the general public into believing that the Colorado Cannabis Chamber and its services emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by the Denver Metro Chamber.

49. The Denver Metro Chamber has been damaged by reason of the infringing activities outlined in this Count Three, and it will suffer irreparable harm unless the continued use and registration of the Infringing Logo is preliminarily and permanently enjoined.

50. Upon information and belief, the Colorado Cannabis Chamber's conduct as outlined in this Count Three has been engaged in with a willful, wanton or reckless disregard for the rights of the Denver Metro Chamber, so as to justify an award of punitive damages.

## FOURTH CLAIM FOR RELIEF

### Action for Common Law Unfair Competition

51. The allegations of Paragraphs 1 through 33 above are incorporated into this Fourth Claim for Relief by reference as if fully set forth.

52. The use by the Colorado Cannabis Chamber of the Infringing Logo constitutes unfair competition under Colorado law.

53. The Denver Metro Chamber has been damaged by reason of the unfair competition as outlined in this Verified Complaint, and it will suffer irreparable harm unless the unfair competition is preliminarily and permanently enjoined.

54. Upon information and belief, the Colorado Cannabis Chamber's conduct as outlined herein has been engaged in with a willful, wanton or reckless disregard for the rights of the Denver Metro Chamber, so as to justify an award of punitive damages.

### **PRAYER FOR RELIEF**

Plaintiff respectfully prays for the following relief:

A. A preliminary and permanent injunction prohibiting Defendant from using the Infringing Logo or any other name or mark likely to be confused with the Registered Mark;

B. A preliminary and permanent injunction prohibiting Defendant from using the Infringing Logo, the C4 designation or any other name or mark that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with the Denver Metro Chamber, or as to the origin, sponsorship, or approval of Defendant's goods, services and/or commercial activities by the Denver Metro Chamber;

C. An Order directing Defendant to immediately cancel its Colorado Trademark Registration and a preliminary and permanent injunction prohibiting Defendant from seeking to register any name or mark likely to be confused with the Registered Mark or otherwise likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with the

Denver Metro Chamber, or as to the origin, sponsorship, or approval of Defendant's goods, services and/or commercial activities by the Denver Metro Chamber;

D. An award of compensatory damages under each and every claim for relief;

E. An accounting and disgorgement of profits derived by Defendant under the Infringing Logo;

F. An award of exemplary damages pursuant to 15 U.S.C. §1117 under the first and second claims for relief;

G. An award of punitive damages under the state law claims for relief;

H. An award of attorneys' fees pursuant to 15 U.S.C. §1117 under the first and second claims for relief;

I. An award of taxable costs;

J. Destruction of all of Defendant's infringing articles and promotional materials bearing the Infringing Logo and/or the C4 designation; and

Such other relief as this Court deems appropriate.

DATED: April 23, 2015

                                                 s/ Kris J. Kostolansky
                                                 Kris J. Kostolansky, Esq.
                                                 E-mail:kkosto@lrrlaw.com

LEWIS ROCA ROTHGERBER LLP
1200 Seventeenth Street, Suite 3000
Denver, CO 80202-5835
Tel: 303.623.9000
Fax: 303.623.9222

Sean D. Garrison, Esq.
LEWIS ROCA ROTHGERBER LLP
201 E Washington Street, Suite 1200
Phoenix, AZ 85004-2595
Tel: 602.262.5311
Fax: 602.734.3939

*Attorneys for Plaintiff, Denver Metro Chamber of Commerce*

## VERIFICATION

Under penalty of perjury under the laws of the United States of America, I, Kelly Jean Brough, declare that I am the President and Chief Executive Officer of the Plaintiff Denver Metro Chamber of Commerce. I am authorized to make this verification on its behalf. I have read the foregoing Verified Complaint. I have personal knowledge of the facts alleged in the Verified Complaint and hereby verify that they are true and correct, except for those facts alleged upon information and belief, which I believe to be true.

EXECUTED THIS **23** DAY OF **April**, 2015 IN DENVER, COLORADO.

_[signature]_
KELLY JEAN BROUGH